# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**OLD REPUBLIC INSURANCE COMPANY,**
**and**
**RYDER TRUCK RENTAL, INC.,**

      Plaintiffs,

      -vs-                                  Case No. 14-C-165

**LIBERTY MUTUAL FIRE INSURANCE COMPANY,**

      Defendant.

# DECISION AND ORDER

The Plaintiffs, Old Republic Insurance Company ("Old Republic") and Ryder Truck Rental, Inc. ("Ryder"), seek declaratory judgment that Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") is obligated to pay half of the settlement and defense costs incurred in relation to two lawsuits arising out of a multi-vehicle accident that occurred in Indiana in 2008. They also seek judgment in the amount of $410,557.76 plus interest. (Am. Compl. ¶ D.) (ECF No. 37.)

Liberty Mutual contends that it is not liable for any of the costs sought by the Plaintiffs because the Indiana lawsuits were not tendered to it in a timely fashion, prejudicing its ability to investigate, evaluate and defend those matters, and to determine coverage under its policy. Liberty Mutual also asserts that Old Republic's policy provided primary coverage for the accident,

and that the Plaintiffs are estopped from seeking a declaration that Liberty Mutual's policy is co-primary because of their prior representations, relied upon by Liberty Mutual, that the Old Republic policy provided primary coverage and the Liberty Mutual policy was an excess policy.

This Decision and Order addresses the Plaintiffs' motion for a protective order, pursuant to Fed. R. Civ. P. 26(b)(2)(C) and 26(c)(1), limiting the depositions of Ken Meier ("Meier"), Shanta Hill ("Hill"), Pat McDermott ("McDermott"), or any other current or former Ryder employee(s) in this action. (ECF No. 27.) The Plaintiffs assert that such depositions are not reasonably calculated to lead to the discovery of admissible evidence; the information sought is duplicative of that already produced in written discovery; the information sought can be obtained from another source that is more convenient and less burdensome; and the burden or expense of the proposed discovery outweighs its likely benefit.

## Analysis

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery in federal civil cases. Federal discovery rules are construed liberally in order to assist in preparation for trial and settlement of litigated disputes. *See Bond v. Utreras,* 585 F.3d 1061, 1075 (7th Cir. 2009). While a party may object to discovery requests on the ground of relevance, that term is broadly defined under Rule 26. Rule 26(b)(1) allows parties to discover information

"regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). *See Nw. Mem'l Hosp. v. Ashcroft,* 362 F.3d 923, 930 (7th Cir. 2004).

"Although there is a strong public policy in favor of disclosure of relevant materials, Rule 26(b)(2) of the Federal Rules of Civil Procedure empowers district courts to limit the scope of discovery if 'the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.'" *Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 681 (7th Cir. 2002). Federal Rule of Civil Procedure 26 provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Potential limits include specifying the terms of discovery, forbidding inquiry into certain matters, limiting the scope of discovery, and designating the persons who may be present while discovery is conducted.

Liberty Mutual's submissions establish that Meier, Hill and McDermott, current or former Ryder employees who have first-hand knowledge of the investigation/settlement of the Indiana lawsuits, are likely to have information that is relevant to its defense that it was prejudiced due

- 3 -

to the late notice of the Indiana lawsuits. Under substantive Wisconsin law, which the parties apparently agree controls the issue, the Plaintiffs have the burden of proving that Liberty Mutual was not prejudiced by the late notice.[1] However, that does not preclude Liberty Mutual from conducting depositions to develop the defense.

The Plaintiffs' claim that the depositions will be burdensome is diminished by Liberty Mutual's agreement that it will conduct the depositions in Colorado where the deponents work and reside, rather than requiring the deponents to travel. Furthermore, the Plaintiffs have not established that the information sought is duplicative of information that Liberty Mutual has or that it is obtainable from another more convenient and less burdensome source. The Plaintiffs have not shown good cause for a protective order. Therefore, the motion is denied.

Liberty Mutual requests attorney fees under Rules 26(c)(3) and 37(a)(5). The Plaintiffs contend fees should not be awarded because their

---

[1] *See Gerrard Realty Corp. v. Am. States Ins. Co.*, 89 Wis.2d 130, 146-47, 277 N.W.2d 863, 872 (Wis. 1979) ("[S]ec. 631.81 does not address situations, as in the instant case, where notice is given more than one year after the time in which notice is required by the policy provisions. Thus, we hold that where notice is given more than one year after the time required by the policy, there is a rebuttable presumption of prejudice and the burden of proof shifts to the claimant to prove that the insurer was not prejudiced by the untimely notice."); *Neff v. Pierzina,* 245 Wis.2d 285, 301, 629 N.W.2d 177, 185 (Wis. 2001) (quoting *Gerrard* approvingly). *Compare Guaranty Bank v. Chubb Corp.*, 538 F.3d 587, 590 (7th Cir. 2008) (acknowledging that "[t]here is nothing in section 631.81(1), upon which the court relied [in *Gerrard*], about burden of proof," but concluding that it was bound by Wisconsin Supreme Court's holding); *Nelson v. Transguard Ins. Co. of Am.,* No. 13-CV-854-BBC, 2014 WL 6886631, at *2 (W.D. Wis. Dec. 4, 2014).

position was substantially justified.

Rule 26(c)(3) states "Rule 37(a)(5) applies to the award of expenses." Rule 37(a)(5)(b) states that a "if the motion is denied, . . . the court . . . must, . . . require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

The parallel language in the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), and in Rule 37 indicates that the term "substantially justified" should be interpreted consistently in both provisions. *See United States v. Kemper Money Market Fund, Inc.,* 781 F.2d 1268, 1279 (7th Cir. 1986). A position taken by a party is substantially justified if it has a reasonable basis in fact and law, and if there is a reasonable connection between the facts and the legal theory. *See Stewart v. Astrue,* 561 F.3d 679, 683 (7th Cir. 2009) (citing *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)).

The Plaintiffs' position in seeking a protective order lacks justification in the law or fact. The Plaintiffs took a myopic view of the legal and factual issues of the case and unreasonably attempted to restrict discovery. They have not contended that other circumstances make an award unjust.

Accordingly, the Court awards to Liberty Mutual its reasonable

expenses in opposing the motion including attorney's fees incurred defending the motion for a protective order. By December 30, 2014, the parties are directed to engage in a good faith effort to agree to the amount of allowable expenses and to file a stipulation and proposed order.

If the parties are unable to reach a stipulation, Liberty Mutual must file an itemized claim for such expenses by January 7, 2015, together with supporting documentation. The request for attorney's fees must be presented in a format that includes the hourly rates of the attorneys who worked on the opposition and provides a sufficient factual basis for the Court to determine the reasonableness of the hourly rates of those attorneys, and the reasonableness of the time that they devoted to the response. Additionally, Liberty Mutual must provide legal authority for the award of any claimed cost or disbursements. No later than January 15, 2015, the Plaintiffs must file its objections to the claimed expenses.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The Plaintiffs' motion for a protective order (ECF No. 27) is **DENIED**;

The Plaintiffs **must produce** Meier, Hill, and McDermott for deposition in Colorado **no later than January 16, 2015**;

Liberty Mutual is awarded the reasonable expenses it incurred in opposing the protective order motion;

**By December 30, 2014,** the parties must engage in a good faith effort to agree to the amount of reasonable expenses incurred by Liberty Mutual in opposing the motion and to file a stipulation and proposed order;

If the parties are unable to reach a stipulation, Liberty Mutual **MUST** file an itemized claim for such expenses no later than January 7, 2015; and,

**No later than January 15, 2015,** the Plaintiffs **MUST** file their objections to the claimed expenses.

Dated at Milwaukee, Wisconsin, this 16th day of December, 2014.

                                           **BY THE COURT:**

                                           */s/ Rudolph T. Randa*
                                           **HON. RUDOLPH T. RANDA**
                                           **U.S. District Judge**